Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

Division

|  |  |
|---|---|
| ARI BARUCH TEMAN<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>JUDGE W. FRANC PERRY; NEW YORK STATE SUPREME COURT of NEW YORK STATE; NY STATE, SANDIP BUCH; ADAM E ENGEL<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: ☑ YES<br><br>FILED BY ___ D.C.<br>JAN 10 2019<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - MIAMI |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | ARI TEMAN |
  | Street Address | 350 LINCOLN ROAD |
  | City and County | MIAMI BEACH, |
  | State and Zip Code | FL 33139 |
  | Telephone Number | 781-718-3375 |
  | E-mail Address | ARI @ARITEMAN.com |

Page of 6

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JUDGE W FRANC PERRY ESQ |
| Job or Title *(if known)* | JUDGE |
| Street Address | 80 CENTRE STREET |
| City and County | NEW YORK , NEW YORK |
| State and Zip Code | NY 10013 |
| Telephone Number | |
| E-mail Address *(if known)* | sfc-part23@nycourts.gov |

Defendant No. 2

| | |
|---|---|
| Name | NEW YORK STATE |
| Job or Title *(if known)* | |
| Street Address | State St. and, Washington Ave, |
| City and County | Albany, Albany County |
| State and Zip Code | NY 12224 |
| Telephone Number | (518) 474-2418 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | SANDIP BUCH |
| Job or Title *(if known)* | DR. |
| Street Address | C/O ATTORNEY ENGEL |
| City and County | NEW YORK, NEW YORK |
| State and Zip Code | NY |
| Telephone Number | |
| E-mail Address *(if known)* | sandip.buch@gmail.com |

Defendant No. 4

| | |
|---|---|
| Name | ADAM E ENGEL |

| | |
|---|---|
| Job or Title *(if known)* | ESQ |
| Street Address | 280 Madison Avenue – Suite 705 |
| City and County | NEW YORK, NEW YORK |
| State and Zip Code | NEW YORK, NEW YORK |
| Telephone Number | **(212) 665-8095** |
| E-mail Address *(if known)* | aee@elgpllc.com |

**II.    Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the        parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties      is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of      another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a        diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑  Federal question            ☑  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The Supreme Court ruled on May 15, 1984, in a case from Culpeper County, Va., (**Pulliam v. Allen, 466 U.S. 522 (1984)**)  that state judges may be sued for civil rights violations.

28:1343 Violation of Civil Rights
28:1441 Petition for Removal- Injunctive/Declaratory Relief
28:1983 Civil Rights ; 42:1981 Civil Rights
28:2201 Constitutionality of State Statute(s)
28:1332 Diversity-Petition for Removal
28:2201 Injunction
31:3731 Fraud

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

  a.    If the plaintiff is an individual

The plaintiff, *(name)*    ARI TEMAN                              , is a citizen of the

State of *(name)*    FLORIDA                            .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

        The defendant, *(name)* __W FRANC PERRY (et al)__ , are citizens of the State of *(name)* __NEW YORK__ . Or is a citizen of

        *(foreign nation)* _____ .

    b.  If the defendant is a corporation

        The defendant, *(name)* __STATE OF NEW YORK, NY COURTS__ , is incorporated under the laws of the State of *(name)* __NEW YORK__ , and has its principal place of business in the State of *(name)* __NEW YORK__ .

        Or is incorporated under the laws of *(foreign nation)* _____ ,

        and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    The defamation to Defendant, and the time wasted has caused the defendant and his

    _____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Teman is having his Civil Rights violated by Hon. W. Franc Perry and Buch and Engel and the State of New York and its Courts in a bogus lawsuit where Plaintiff has admitted repeatedly on-the-record it has zero evidence of Teman's involvement. Buch and his attorney Engel have admitted they had zero evidence tying Teman to the website over which they filed (SandipBuch.com) when they filed it. So it is clear they filed a baseless lawsuit and fed it to the NY Post to harm and harass Teman. The Court is going against NY proceedure by failing to stay the case pending a Motion to Dismiss being ruled upon (From the NY Bar: "A motion to dismiss automatically extends the time by which the defendant must serve its answer. Further, all discovery in the case is stayed until "determination of the motion." See, CPLR 3214(b).") which also includes defenses of Qualified Immunity and Jurisdiction, giving both NY State and Federal basis to automatically stay the case. Instead the court is forcing Teman to appear repeatedly, pay for video deposition expenses, and answer bogus filing after bogus filing.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Teman seeks an Injunction forcing the NY Court to stay discovery and all other matters in Buch v Teman and rule on the Motion to Dismiss, per both NY's CPLR 3214(b) and Federal rules of procedure.

Teman seeks costs incurred caused by the NY Court's failure to follow standard court procedure and thus stepping outside its jurisdiction ( CPLR 3214(b) ).

Teman seeks damages from NY State for keeping Buch licensed despite knowing his ongoing fraud and damage to patients, which has resulted in both real physical harm to Teman, as well as financial, emotional, and reputational damage. Were Buch's license revoked as it should have been after multiple Medical Board complaints and an Attorney General suing his group, Buch's fraud would be clear, prevent Teman from being harmed, and remove the credibility normally awarded to a doctor which is undeserved by Buch.

Teman seeks $25,000,000 in actual damages to reputation and business from Buch and Engel.

Teman seeks any and all attorneys fees from NY Courts for any and all matters which were dismissed or won on appeal.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a                nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have     evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable   opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the              requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result

in the dismissal of my case.

        Date of signing:      1/9/19

        Signature of Plaintiff

        Printed Name of Plaintiff    ARI BARUCH TEMAN

The United States District Court for the Southern District of Florida

| | |
|---|---|
| Teman<br>*Pro se plaintiff*<br>-v<br>The State of New York,<br>New York State Supreme Court,<br>Justice W. FRANC PERRY<br>Dr. Sandip Buch,<br>Adam E Engel, Esq | Index Number: not yet assigned |

### III.     Statement of Claim (CONTINUED)

It is common practice in New York State Courts and across the Nation, and in fact much of the developed world, for Courts to stay Discovery until a Motion to Dismiss is heard. It is also common practice for the Courts to hear the Motion to Dismiss sooner than later when a Plaintiff has already admitted under oath to the court that it has zero evidence of the involvement of a named Defendant. A Defendant being presumed innocent should be freed of the burden of baseless lawsuits as quickly as possible, and those who file lawsuits without any evidence tying the Defendant to the matter should be made to pay damages and prevented from further abuse of the courts.

In fact, the NY State Bar writes, "A motion to dismiss automatically extends the time by which the defendant must serve its answer. Further, all discovery in the case is stayed until "determination of the motion." See, CPLR 3214(b)." Thus, a Judge with no evidence tying a defendant to a matter who fails to follow this procedure would be stepping outside the jurisdictional powers and subjecting a defendant to undo burden, trauma, expense, and travel where the State, case law, and the State's Bar have already established that the case should have automatically been stayed. Beyond that, courts up to the Supreme Court have said that Motions to Dismiss claiming Qualified Immunity and/or Jurisdictional defenses should be stayed until the Motion to Dismiss is ruled upon.

However, in Buch v Teman ( SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK, INDEX NO: 157336/2018 ), Buch and his attorney Adam Engel admitted under oath while filing a TRO and RJI that they have zero evidence of Teman's involvement in a website (SandipBuch.com) over which they are suing. The Judge, correctly, denied their request for a TRO or other injunction given there was no evidence of Teman's involvement.

After this, it has come to the Court's attention that not only does the Plaintiff have zero evidence of Teman's involvement, but that Plaintiff is aware a 3rd party who lives out of the United States is the owner of the website. Thus, the Court has no

question that Teman is not the correct defendant in this matter (not that there is any correct defendant -- the website appears to be truthful statement of opinion, no grounds for a defamation suit to begin with).

However, that TRO hearing is where compliance with standard legal practice ended. It is common practice, reasonably so, for a Court to Stay Discovery until a Motion to Dismiss is heard. However, Judge Perry Franc refused to do so, even when reminded in court and in court filings that a Motion to Dismiss had been heard and it was common practice to stay the case. Using the excuse he wanted to "move the case along", he ordered time-consuming Discovery and Depositions, and for Teman to pay for the video depositions given Teman is a Florida resident and traveling to NY is expensive.

Buch continues to abuse the court, cancelling depositions, and filing an Order to Show Cause demanding Teman appear before the Court in New York again, at great expense, and pain (Teman has a medical boot for a crushed foot, having been run over by an Uber vehicle), and time. Thus, it is time for Teman to file a Federal Suit requesting an Injunction against New York State Supreme Court and the relevant parties to stop the further abuse of court practice.

The Supreme Court ruled on May 15, 1984, in a case from Culpeper County, Va., (Pulliam v. Allen, 466 U.S. 522 (1984)) that state judges may be sued for civil rights violations and may be ordered to pay the lawyers' fees of those who sue them successfully. While the 5-to-4 decision permitted only suits for injunctions, not damages, it marked a significant retreat from the doctrine of absolute judicial immunity to which the Court has long adhered.

Justice Harry A. Blackmun, writing for the court, said that neither traditional concepts of judicial immunity nor anything Congress said when it enacted the civil rights damages law barred the suit or the award of legal fees. While judges may not be sued for damages for their past conduct, they may be subjected to federal court orders concerning their future actions, he said.

Thus, Teman is suing for an injunction to prevent Judge Perry Franc and the Courts of the State of New York from ordering any discovery, depositions, hearings, or other matters until such time as the Motion to Dismiss is heard, and for all fees and expenses incurred by Teman to travel to New York and within New York, and the time and expense in handling this case. Teman asks the Federal Court to order Judge Franc to rule upon the Motion to Dismiss, and to so order that if Judge Perry rules against the Motion to Dismiss that any and all discovery remain stayed while Teman will file an appeal (since Teman is doubting he will get a fair trial by a Judge he's been forced to sue in Federal Court to follow the common procedure of his own State's court system).

As well, Teman is seeking an injunction against Buch and Engel from filing cases without any evidence that a defendant has anything to do with the matter, and seeking real and punitive damages. Buch, allegedly, ran to the press and either way got his bogus lawsuit (with no evidence tying Teman to the matter) into the widely-read New York Post. Teman was notified about the lawsuit by people sharing the NY Post, in fact. It has been deeply damaging to Teman.

Teman has, as is public record, PTSD from the medical malpractice committed by Buch and his associates at PATH Medical, and the Court allowing a bogus lawsuit by them against Teman only serves to deepen the wounds and damage. It is unfair that Teman should be dragged into a lawsuit where there is zero evidence tying him to it!

The State of New York is a party because multiple public officers of the State took donations from Buch and PATH Medical, resulting in clearly favorable (corrupt) treatment toward Buch, and his firm PATH Medical, in this and other matters both in New York's Courts and in its Law Enforcement. In fact, the State of New York has taken repeatedly unprecedented actions in favor of PATH staff, recently having their own prosecutors ask Criminal Defendant Eric Randal Braverman ruled unfit to stand trial, even though is own attorneys did not seek such remedy. Why? Because the famously corrupt New York is trying to protect its own. Should PATH medical staff face full legal scrutiny, it would undoubtedly bury multiple former governors and New York City officials who conducted events, business, and promotional activities together with PATH staff, and were recipients of donations and other funds from PATH staff.

Thus, Teman is suing for an injunction to move any and all legal matters out of the jurisdiction of New York and into either Federal Court or Miami Beach, Florida, where Teman is a legal resident.

It is just and fair for the Federal Court to issue an injunction against New York State's Court from continuing any action against Teman or any defendant where there is no evidence against the Defendant.

As well, Buch should be ordered to pay for the lifetime of damage caused by smearing someone's name (Teman's) in the NY Post and other publications by filing a lawsuit knowing that he (Buch) had zero evidence tying Teman to the lawsuit. As Teman is the founder of a successful and growing startup company, Buch's lawsuit has smeared his name and damaged his ability to raise funds or sell his services, costing Teman a value of approximately $25M to $70M when compared to comparable startups of the same services and offerings. The Courts should award Teman no less than $25M paid by Buch and his attorney Engel. The Court should also award punitive damages against Buch and Engle.

In most of the rest of the civilized world, it is impossible to serve someone with a lawsuit without any evidence. It is about time that US Courts, Federal and Local, adopt these rules, through litigation and case law. In this instance, the Federal Court has a clear and powerful opportunity to stop a runaway State court from abusing the wanton process where anyone can sue for anything with zero evidence. Once a State or Local court has evidence that a Plaintiff brought a case without any evidence, the State should immediately dismiss the case. Defendants should not be subjected to Discovery so that baseless accusations can turn into baseless fishing expeditions through a person's personal and private lives, all while eating up valuable time, money, and focus while also tormenting most humans (most of whom would not enjoy being sued, especially by a plaintiff with zero evidence tying them to the matter).

The New York State Courts, Buch, and Engel continue to abuse the legal process to harass Teman, who sued Buch for medical malpractice. The New York Court had no qualms about delaying that lawsuit almost half a decade, preventing Teman from recovering severe damages or even covering medical bills for the PTSD Buch and his associates caused,

according to medical experts, but suddenly the NY Court is in a rush to speed-up the Discovery process of Buch, undoubtedly because Buch's associates are major donors to NY politicians.

The Federal Court should please set a strong example against such abuse by NY Courts and the PATH Medical fraudster Buch and his attorney.

Allowing a plaintiff to drag a defendant claiming Qualified Immunity through pointless but expensive and tiring discovery would have a chilling effect on free speech, and thus Judge Franc and the NY Courts, and the State of NY with its unconstitutional statutes, is violating Teman's First Amendment Rights. Were a US citizen want to warn people about a bad doctor, he should be able to do so without worrying that despite violating no rules he will be subject to dozens of useless discovery requests, depositions, and the like. Effectively, New York State, the NY Courts, and Judge Perry are saying in their own different ways, "If you exercise your First Amendment, we will make it cost you tens of thousands of dollars, perhaps millions of dollars, in legal expense, travel, lost work, lost time, and public humiliation, oh and if you're injured we'll force you to physically appear over and over out of state." Any reasonable person would see how this is clearly serving to quash someone's First Amendment ability to speak the truth and to warn their community about dangerous people.

It is outside the Jurisdiction of NY State and the NY Courts to quash or prevent the exercise of someone's First Amendment Rights. Thus any law or section of law allowing a trial to proceed despite a Motion to Dismiss based on QUalified Immunity should be ruled unconstitutional and should be stricken. If New York's law were to be interpreted to allow a trial to proceed despite the objection of Qualified Immunity it would scare whistleblowers, artists, and many others from speaking the truth. The Federal Court should also rule that any NY's Statute allowing a case to proceed past an objection of Qualified Immunity is Unconstitutional, and that even outside any specific litigation allowing a case to proceed before ruling on a Motion to Dismiss based on Qualified Immunity is Unconstitutional in all of the United states.

It seems long gone is "innocent until proven guilty" from New York. However, by New York forcing thousands of dollars of expense, lost work, and distraction upon anyone wantonly accused without basis, New York thus violates the right to presumed innocent, a cornerstone of the United States and all modern justice. New York State Statutes and Laws allowing lawsuits to be filed without any evidence tying the defendant to the claims, civil or criminal, should be ruled unconstitutional. A plaintiff should not be allowed to file and serve a lawsuit without any evidence tying the defendant to an action. As Buch cannot testify that he witnessed Teman publish the website at hand, and in fact as he's testified repeatedly that he has no evidence Teman owns the website (his attorney even begging to court to ask Teman if he owns the website even!), Buch brought a website knowing he had zero proof. This is a clear violation of multiple rights, the least of which is effectively kidnapping Teman from out of state (Miami Beach, FL) and forcing him to travel to NY on a case where Buch had zero reason to believe Teman was responsible. Buch could have filed against "Doe", but chose to force Teman's travel without basis.

Because multiple New York officials, current and former, have taken donations, prescriptions, and conducted business with PATH Medical Staff (of which Buch was a core member), while in office and out of office, the wanton choosing of

which laws to enforce when, and the preference consistently given to PATH staff including Buch in law-enforcement and legal decisions in ways which are not standard proceedue in New York constitutes pure fraud. The State should not be immune from actions taken outside the bounds of the work of the State officers and should have to pay for this ongoing fraud and the damage it's caused Teman. Were New York State not acting corruptly, Buch and Braverman would be in jail, their medical licenses revoked, and Teman would have never been treated by them. We are only here because New York failed to do its job, and it failed to do so because it was busy taking bribes.

It is because of the extreme nature of the corruption and out-of-bounds activities of New York's politicians and Court that Teman seeks Federal relief.

Thank you.

**Supporting Case Law**

From: http://wakeforestlawreview.com/2012/04/when-staying-discovery-stays-justice-analyzing-motions-to-stay-discovery-when-a-motion-to-dismiss-is-pending/\

The Supreme Court has specifically addressed discovery in the qualified immunity context, stating that discovery should not be allowed until the threshold question is resolved. ( Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953–54 (2009). ) Teman filed a Motion to Dismiss including that he deserves protection under Qualified Immunity Context. Thus, the Supreme Court has already ruled that Judge W. FRANC PERRY should have automatically granted Teman his Stay of Discovery until ruling on at least the "qualified immunity" defense in Teman's Motion to Dismiss.

The Supreme Court recently made a similar pronouncement in another qualified immunity case, Ashcroft v. Iqbal.[129 S. Ct. 1937 (2009).] In Iqbal, the Court stated that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[Id. at 1950]  The Court further discussed concerns about the "heavy costs" of litigation and rejected the lower courts' "careful case management" approach for limiting the burdens of discovery.[Id. at 1953.]  The Court also noted the concerns of Second Circuit Judge Cabranes, in his concurring opinion, that defendants could be subjected "to the burdens of discovery on the basis of a complaint as nonspecific as [Iqbal's]."[ Id. at 1945]

Given the recency of the Iqbal decision, only a relatively small number of cases have directly cited the case in deciding motions to stay.  A recent search of the "ALLFEDS" database on Westlaw produced twenty-seven cases—two appellate cases and twenty-five district court cases—where Iqbal was cited in this context.["The ALLFEDS database was queried using the search terms "iqbal /p stay /p discovery."  This search was last run on March 9, 2012, producing the twenty-seven relevant matches."]  Yet even in this limited number of cases, there are indications that at least some courts find that Iqbal supports granting stays of discovery.["Indeed, the one circuit court decision available to date agreed that the district court properly stayed discovery while a motion to dismiss was pending, noting that "[i]n certain circumstances it

may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." Mann v. Brenner, 375 Fed. App'x 232, 239 (3d Cir. 2010) (citing Iqbal, 129 S. Ct. at 1954"]

In Chudasama v. Mazda Motor Corp.,["123 F.3d 1353 (11th Cir. 1997)"] the court distinguished between pretrial motions turning on findings of fact, such as motions to dismiss for lack of personal jurisdiction, and those which should be decided before discovery. [Id. at 1367]  The court stated:

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion"