UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-20143-CIV-MORENO

ARI TEMAN,

        Plaintiff,

vs.

JUDGE W. FRANC PERRY, NEW YORK
STATE SUPREME COURT, SANDIP BUCH,
and ADAM E. ENGEL,

        Defendants.
_____/

## ORDER DISMISSING CLAIMS AGAINST DEFENDANTS JUDGE W. FRANC PERRY AND NEW YORK STATE SUPREME COURT WITH PREJUDICE

THIS CAUSE came before the Court upon plaintiff's Response to the Show Cause Order **(D.E. 25)**, filed on **March 18, 2019**. Having reviewed the response, the pertinent pleadings and motions, and being fully advised in the premises, it is adjudged for the reasons below that the claims against defendants Judge W. Franc Perry and the New York State Supreme Court are DISMISSED WITH PREJUDICE. Further, the claims against defendants Dr. Sandip Buch and attorney Adam Engel are DISMISSED WITHOUT PREJUDICE. In this way, the Court grants, in part, Buch and Engel's motion to dismiss **(D.E. 8)**, filed **February 8, 2019**. Plaintiff shall have until **May 17, 2019** to amend his complaint to fix the jurisdictional and pleading deficiencies in it.

*Pro se* plaintiff Ari Teman ("Plaintiff"), upset with a civil action taking place against him in New York, seeks recourse in this Court by suing defendants Judge Perry, the New York State Supreme Court, Dr. Buch, and Engel. Plaintiff alleges he is the victim of a baseless lawsuit, one in which there is apparently no evidence against him, and that for one reason or another, a New

1

York court will not stay discovery as it considers his motion to dismiss.[1] Upset that he must now fly to New York to take a deposition, Plaintiff "is suing for an injunction to prevent Judge Perry Franc and the Courts of the State of New York from ordering any discovery, depositions, hearings or other matters." Plaintiff is also seeking an injunction against Dr. Buch and his attorney, Engel, for filing the New York lawsuit and scheduling the inconvenient deposition.

As the Court intimated in its show cause order, it does not have personal jurisdiction over the defendants Judge Perry and the New York State Supreme Court. Plaintiff's response to the show cause order does not allay the Court's concerns regarding jurisdiction. Plaintiff still seeks, in essence, to drag these New York-based defendants to Florida because he is upset with the proceedings in the underlying New York case. But, that reason alone is not enough to overcome the Court's lack of jurisdiction over parties who do not "purposefully avail[]" themselves of the privilege of conducting activities within this state. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)). There is no showing that these defendants had minimum contacts with Florida.

The Court also dismisses the claims against defendants Judge Perry and the New York State Supreme Court with prejudice pursuant to principles of judicial immunity. It is well-settled that judges are absolutely immune from liability for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Such immunity protects judges even if their actions are taken in error, done maliciously, or in excess of their authority, as long as the judge had jurisdiction to consider and determine the case. *Id.* at 356-57. The same protections extend to non-judicial officers whose "official duties 'have an integral relationship with the judicial process.'" *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (quoting *Ashbrook v. Hoffman*,

---

[1] Plaintiff does not provide the Court with the relevant records or case number of the New York-based lawsuit, and provides little detail regarding the underlying causes of action in that case.

617 F.2d 474, 476 (7th Cir. 1980)). Here, reviewing the four corners of the complaint and the response to the show cause order, it is apparent that Plaintiff's claims stem from his dissatisfaction with Judge Perry's judicial decisions in the underlying New York case and, to the extent any court personnel are involved, acts that have an integral relationship with the judicial process. Accordingly, Plaintiff's claims against these two defendants are dismissed with prejudice.

As for the claims against Dr. Buch and Engel, the Court dismisses them without prejudice. Plaintiff may amend his complaint to assert the causes of action he makes, for the first time, in his response to the show cause order.[2] But, first, for lack of personal jurisdiction, he may not assert claims stemming directly from the underlying New York case.[3] Second, he may not assert such claims pursuant to the "first-to-file rule," a rule based on the idea that "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." *In re Checking Account Overdraft Litigation*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012). Under the rule, "the entire action should generally be decided by the court in which the action was first filed"—which, here, means the underlying New York case. *Id.* It is apparent from the operative filings that Plaintiff's grievances against Dr. Buch and Engel are inextricably tied to the claims made against him in New York, and raise issues with respect to the decisions made in that case mandating he participate in discovery. Accordingly, this Court need not decide the merits of substantially similar issues raised in a substantially similar case. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving

---

[2] Plaintiff alleges, for the first time in his response to the Court's show cause order, claims for violation of the first amendment, RICO, blackmail and/or extortion, breach of contract, defamation, and a myriad of other causes of action.

[3] Though Plaintiff only provides minimal detail regarding the claims in the New York case, it is readily apparent that none of those claims arise out of or relate to the parties' contacts in Florida.

overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.").[4]

Third, Plaintiff may not assert claims stemming from the New York action pursuant to the *Colorado River* doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). In *Colorado River*, the Supreme Court held that a federal court may abstain from deciding a case if (1) a parallel lawsuit is proceeding in state court, and (2) the interests of "wise judicial administration," including "conservation of judicial resources," demand abstention. *Id.* at 818-20. A parallel lawsuit is one "involving the same parties and substantially the same issues." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (quoting *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)). Once a federal court determines that there is a parallel state action, it applies six additional factors:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Id.* (quoting *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294 (11th Cir.1998)).

Here, for more or less the same reasons the Court applies the first-to-file rule, it applies the *Colorado River* doctrine. This case is second to the one in New York and parallel to it in all material respects. The majority of Plaintiff's claims directly arise out of his grievances with the New York action, which he could have made or did in fact make during the course of the proceedings there. In addition, this action is incredibly inconvenient to the defendants who reside in New York, creates piecemeal litigation of issues related to the New York case, is best left to

---

[4] Although there is some debate regarding whether the first-to-file rule applies to concurrent state and federal actions, as opposed to two federal actions, *see Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1375 (S.D. Fla. 2014), as that same case recognized, there is at least one opinion from the Eleventh Circuit holding it does. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).

application of New York law given that it involves New York claims, and is totally unnecessary given that the New York courts can adequately protect the rights of Plaintiff. *See Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376-81 (S.D. Fla. 2014) (applying the *Colorado River* doctrine given that the state and federal actions were "so inextricably intertwined" in factual and legal issues).

While the Court grants Plaintiff leave to amend his complaint with respect to Dr. Buch and Engel, it cautions him from refiling a "shotgun pleading." There are four types: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," (2) "a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) "[a complaint] that commits the sin of not separating into a different count each cause of action or claim for relief," and (4) "[a complaint] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Plaintiff's complaint shares characteristics with all four types of shotgun pleadings. It also does not comport with Federal Rule of Civil Procedure 10(b), which requires "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

Accordingly, based on the above, it is ORDERED and ADJUDGED:

1. The claims against Judge Perry and the New York State Supreme Court are dismissed with prejudice.

2. The claims against Dr. Buch and Engel are dismissed without prejudice. Plaintiff may file an amended complaint no later than **May 17, 2019**.

3. In redrafting the complaint, Plaintiff may not allege claims directly arising out of the underlying New York state action.

4. Plaintiff must use numbered paragraphs limited, if possible, to one factual circumstance per paragraph.

5. Plaintiff must ensure that each legal claim is set forth in a separate count. For example, if he alleges claims for wrongful termination, retaliation, and hostile work environment, each of those claims require a separate count.

6. Plaintiff must include, for each count, a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

7. Plaintiff must ensure that each legal claim specifies which defendant is responsible for which specific act or omission.

8. Plaintiff shall state with specificity both the factual and legal basis for the claim he sets forth. If a claim is one where Federal Rule of Civil Procedure 9 is applicable, that claim must be pled with particularity. Other numbered paragraphs may be incorporated by reference, but this must be done with particularity so that only relevant paragraphs are referenced. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

9. Failure to file an amended complaint in compliance with this order may result in the Court closing the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 of April 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Ari Baruch Teman
350 Lincoln Road #5060
Miami Beach, FL 33139
781-718-3375
PRO SE